UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE DEMETRIO MONTIEL, | ) | NO. SACV 09-00803 GAF (SS) |
| | ) | |
| Petitioner, | ) | **ORDER ADOPTING FINDINGS,** |
| | ) | |
| v. | ) | **CONCLUSIONS AND RECOMMENDATIONS OF** |
| | ) | |
| F. GONZALES, Warden, | ) | **UNITED STATES MAGISTRATE JUDGE** |
| | ) | |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge (the "R&R"). The Court concurs with and adopts the findings and conclusions of the Magistrate Judge. However, as to Petitioner's claim that there was insufficient evidence to establish that he shot at a building "being used for dwelling purposes," the Court replaces the text at page 24, line 21, through page 25, line 24 of the R&R, with the following text:

Ample evidence supported the jury's finding that the apartment was "currently being used for dwelling purposes." As discussed above in

Part VI.A.3, eyewitness testimony and circumstantial evidence implicated Petitioner as the shooter on June 14, 2005. Detective Luis Garcia answered "[y]es" to the question of whether "[t]he area that is marked here on People's [Exhibit Number One], 14791 Newport Avenue, Apartment A, are those occupied apartments?" (RT 655-56). He then answered "[y]es" to the question "[o]n June 14th, [2005] were they inhabited?" (RT 656). He also explained that the area of the apartment was "[v]ery" "densely populated." (<u>Id.</u>). This testimony alone allowed the jury to conclude the apartment was "currently being used for dwelling purposes."

Moreover, the jury heard additional testimony supporting the conclusion that the apartment was inhabited. Detective Garcia answered "[c]orrect" to Petitioner's counsel's question whether he "became aware of the bullet holes that were in the <u>dwelling house</u> on the scene." (RT 720 (emphasis added)). Detective Garcia further explained that witness interviews supported his conclusion that "the bullet holes . . . that were found in that <u>dwelling house</u>" were connected with the June 14, 2005 incident. (<u>Id.</u> (emphasis added)). Detective Garcia also answered "[y]es" to Romero's trial counsel's question whether he saw "any photographs where the pellets hit the <u>dwelling house</u>." (RT 721 (emphasis added)). In addition, Officer Patrick Kilgore answered "[y]es" to the question whether he found "any bullet holes or shotgun pellet marks in front of <u>the residence</u> located at 14791 Newport Avenue, Apartment A." (RT 504 (emphasis added)). In sum, ample evidence supported the jury's finding that the apartment was "currently being used for dwelling purposes, whether occupied or not." <u>See</u> Penal Code § 246; <u>In re Daniel R.</u>, 20 Cal. App. 4th 239, 244, 24 Cal. Rptr. 2d 414, 417 (1993) ("A defendant may violate section 246 by discharging a

2

firearm into an inhabited, but temporarily unoccupied dwelling."). Accordingly, Petitioner is not entitled to habeas relief on this unexhausted claim because "it is perfectly clear that [he] has no hope of prevailing." See Cassett, 406 F.3d at 624.

**IT IS ORDERED** that the Petition is denied and Judgment shall be entered dismissing this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on counsel for Petitioner and counsel for Respondent.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:    September 6, 2011

_____
GARY A. FEESS
UNITED STATES DISTRICT JUDGE